UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK W. MILLER,

        Petitioner,

vs.                              Case No. 3:04-cv-1271-J-32MMH

JAMES V. CROSBY, JR., et al.,

        Respondents.

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner, a prisoner of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a State Court Judgment (Doc. #2) (hereinafter Petition) on October 7, 2004.[1] He challenges a June 7, 2001, state court conviction. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[1] The Court will give Petitioner the benefit of the mailbox rule in calculating the one-year limitation period in this case. Petitioner handed his Petition to prison authorities for mailing to this Court on October 7, 2004.

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. <u>See</u> Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #9) (hereinafter Response), filed March 17, 2005.

The judgment under attack in the Petition was entered on June 7, 2001.  Ex.[2] B.  Petitioner did not file a direct appeal; therefore, his conviction became final on July 7, 2001, when the thirty-day period for filing his direct appeal expired.  Petition at 2; Fla. R. App. P. 9.140(b)(3).  Accordingly, Petitioner should have filed this action on or before July 7, 2002, unless any periods of time can be excluded from this one-year limitation period because Petitioner was pursuing a properly filed application for state post-conviction relief.

On January 10, 2002 (**187 days** after Petitioner's conviction became final), Petitioner filed a Motion to Define or Clarify Sentence in state court.  Ex. C at 1-4.  The motion was denied on November 20, 2002.  Id. at 5-6.  Petitioner did not appeal the denial of his motion.  Thus, the one-year limitation period began to run again on November 21, 2002.

**One hundred and thirty-three days later**, on April 3, 2003, Petitioner filed a Motion for Postconviction Relief in state court.  Ex. D.  The motion was denied on October 9, 2003.  Ex. E.  Petitioner filed an untimely Motion for Rehearing on October 31, 2003, which was denied on November 10, 2003.  Ex. F.

Petitioner filed a Notice of Appeal on December 8, 2003; however, the appeal was dismissed as untimely.  Ex. G; Ex. H; Ex.

---

[2] The Court hereinafter refers to the exhibits submitted with the Response as "Ex."

3

I; Ex. J; Ex. K. Because Petitioner did not timely file his Motion for Rehearing or his appeal, these proceedings did not toll the one-year limitation period. See Webster v. Moore, 199 F.3d 1256, 1258-59 (11th Cir. 2000) (per curiam) (finding that a state petition for post-conviction relief must meet state filing deadlines in order to toll the one-year limitation period for filing a federal habeas petition). Instead, the period was tolled until November 8, 2003, the last date on which Petitioner could have timely filed a notice of appeal of the order denying his Motion for Postconviction Relief. See Stafford v. Thompson, 328 F.3d 1302, 1304 (11th Cir. 2003) (per curiam) (noting that, where a petitioner filed an untimely notice of appeal seeking to appeal the denial of a state habeas corpus petition, the one-year statute of limitations was tolled from the date the state habeas corpus petition was filed until the last day on which the petitioner could have timely appealed the state court's denial of that petition to the Georgia Supreme Court). Accordingly, the one-year limitation period began to run again on November 9, 2003, and expired **forty-five days** later on December 24, 2003.

Accordingly, the Petition that was filed in this case on October 7, 2004, was not timely filed. Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. See Petitioner[']s Response to Respondents['] Motion to Dismiss Petition for Writ of Heabeas

4

[sic] Corpus (Doc. #11), filed May 4, 2005.  Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.  Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #9), filed March 17, 2005, is **GRANTED**, and this case is **DISMISSED** with prejudice.

2.  The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 5/10
c:
Frank W. Miller
Assistant Attorney General Jordan